**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Edrico Juan Blakeney, Appellant,

v.

Citibank N.A., Respondent.

Appellate Case No. 2023-001184

———

Appeal From Lancaster County
Daniel Dewitt Hall, Circuit Court Judge

———

Unpublished Opinion No. 2026-UP-391
Submitted July 1, 2026 – Filed July 29, 2026

———

**AFFIRMED**

———

Edrico Juan Blakeney, of Lancaster, pro se.

Robert John Stephenson, IV, and Joseph Eugene Hill, both of RAS LaVrar Law Offices, of Greenville, for Respondent.

———

**PER CURIAM:** Edrico Juan Blakeney appeals the circuit court's order affirming the magistrate court's order, which granted summary judgment in favor of Citibank N.A. (Citibank). On appeal, Blakeney argues (1) the magistrate and circuit courts did not have jurisdiction to decide this case; (2) the circuit court erred in granting judgment and ruling on the pleadings in favor of Citibank; (3) the circuit court

erred in "ruling on the damages summary judgment" in favor of Citibank; and (4) the lower court erred in affirming the trial court ruling. We affirm pursuant to Rule 220(b), SCACR.

Initially, we hold the issue of personal jurisdiction is not preserved for appellate review because it was not raised to and ruled upon by the circuit court. Although Blakeney described the magistrate's comments regarding jurisdiction during the circuit court hearing, he did not make a specific argument to the circuit court that the magistrate court erred in exercising jurisdiction over him. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review."); *id.* ("Moreover, an objection must be sufficiently specific to inform the trial court of the point being urged by the objector.").

Next, viewing the evidence in the light most favorable to Blakeney, we hold the circuit court did not err in affirming the magistrate court's order granting summary judgment in favor of Citibank and awarding damages because Blakeney did not raise any genuine issues of material fact. In his answer filed in magistrate court, Blakeney did not specifically deny the material allegations of Citibank's complaint—which included the existence of an account in Blakeney's name, that debt was incurred, and that Blakeney had defaulted on the debt—and instead only raised the affirmative defense of the statute of frauds. We hold the statute of frauds is not applicable here because it does not apply to consumer credit card debt. Thus, because Blakeney admitted the account existed and he defaulted on the debt owed to Citibank, and the statute of frauds does not apply in this case, there is no genuine issue of material fact and the grant of summary judgment and award of damages was proper. *See USAA Prop. & Cas. Ins. Co. v. Clegg*, 377 S.C. 643, 653, 661 S.E.2d 791, 796 (2008) (stating an appellate court reviews the grant of a motion for summary judgment under "the same standard that governs the [circuit] court under Rule 56(c) [of the South Carolina Rules of Civil Procedure]"); *Singleton v. Sherer*, 377 S.C. 185, 197, 659 S.E.2d 196, 202 (Ct. App. 2008) ("On appeal from an order granting summary judgment, the appellate court will review all ambiguities, conclusions, and inferences arising in and from the evidence in a light most favorable to the non-moving party."); *Kitchen Planners, LLC v. Friedman*, 440 S.C. 456, 463, 892 S.E.2d 297, 301 (2023) (eliminating the "mere scintilla" standard and clarifying the proper standard is the "genuine issue of material fact" standard set forth in the text of Rule 56(c)); Rule 56(c), SCRCP (providing that summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law"); S.C. Code Ann. § 32-3-10(2), (4) (2007) (providing that "no action shall be brought" on certain categories of agreements, including special promises "to answer for the debt, default or miscarriage of another person" and contracts "to charge any person upon any contract or sale of lands, tenements or hereditaments or any interest in or concerning them," unless they are in writing and signed); S.C. Code Ann. § 32-3-20 (2007) (stating an individual can only be held legally responsible for statements made about another person's "character, conduct, credit, ability, trade or dealings of any person to the intent or purpose that such other person may obtain credit, money or goods thereon unless such representation or assurance be made in writing, signed by the party to be charged therewith or by some person thereunto by him legally authorized" for the purpose of obtaining credit if those statements were made in writing and signed); Rule 8(b), SCRCP ("A party shall state in short and plain terms the facts constituting his defenses to each cause of action asserted and shall admit or deny the averments upon which the adverse party relies."); Rule 8(c), SCRCP (stating the statute of frauds is an affirmative defense); *Gen. Elec. Co. v. Gate*, 273 S.C. 88, 90, 254 S.E.2d 305, 307 (1979) (providing that "where the promise to pay a debt incurred by another is made as a part of a transaction where the [m]ain purpose and object of the promisor is not to answer for the debt of another, but to subserve some purpose of his own, his promise is not within the [s]tatute [of frauds]"). To the extent Blakeney is arguing he never entered into an agreement with Citibank and no contract was produced, we hold this issue is not preserved for appellate review because it was not raised to and ruled upon by the magistrate court. *See Indigo Assocs. v. Ryan Inv. Co.*, 314 S.C. 519, 523, 431 S.E.2d 271, 273 (Ct. App. 1993) ("The circuit court, acting as an appellate court in a case heard by the magistrate, cannot consider questions that have not been presented to the magistrate."); *id.* at 523, 431 S.E.2d at 273-74 ("[T]he parties to an appeal from the magistrate court are restricted to the theory on which the case was tried in the magistrate court.").

**AFFIRMED.**[1]

**THOMAS, MCDONALD, and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.